David M. Gaba, WA Bar No. 18908
Compass Law Group, PS Inc.
1001 Fourth Avenue, Ste. 3200
Seattle, WA 98154
Phone: (206) 251-5488
Email: davegaba@compasslegal.com

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| CYNTHIA JOHNSON, BRENDA BEZEREDI, JAINE BIALK, on behalf of themselves and all others similarly situated,<br><br>                           Plaintiffs,<br><br>        v.<br><br>THE BOEING COMPANY,<br><br>                           Defendant. | Case No. _____<br><br>**COMPLAINT—COLLECTIVE AND CLASS ACTION**<br><br>(Jury Trial Requested) |

### PRELIMINARY STATEMENT

1.      The plaintiffs are current and former employees of the defendant, The Boeing Company ("Boeing" or "Defendant"), and they bring this action on behalf of themselves and all other similarly situated employees as both a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA), and as a class action pursuant to the Washington Minimum Wage Act (WMWA) and the Washington Wage Rebate Act (WWRA). The plaintiffs bring this action

1

COMPLAINT, CASE NO. _____                          Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

because of the defendant's unlawful deprivation of their right to overtime compensation. Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable, and other relief available under the FLSA, as amended, 29 U.S.C. § 201 *et seq.,* and the WMWA, RCW § 49.46, and WWRA, RCW § 49.52.

## JURISDICTION AND VENUE

2.       Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3.       Venue lies within this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4.       At all times material herein, the plaintiffs have been employed by defendant Boeing in its production facilities in Washington. Plaintiffs have each given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b), and their consents are appended to this Complaint as Exhibit A. Plaintiffs bring this action as a nation-wide collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b), and as a class action on behalf of themselves and individuals employed by defendant The Boeing Company in jobs entitled "Project Planner," "Project Administrator" and/or "Staff Analyst" at locations in Washington State who were classified as exempt from the Fair Labor Standards Act and Washington Minimum Wage Act at any time within the past three years in accordance with Fed. R. Civ. P. 23,  the Washington Minimum Wage Act, RCW § 49.46, and the Washington Wage Rebate Act, RCW § 49.52.

5.       The plaintiffs in this action, while employed by the defendant, have been "employees" within the meaning of the FLSA, WMWA and the WWRA.

2

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

6.      Defendant Boeing is a Delaware corporation licensed to do business in the State of Washington. Boeing operates numerous facilities in Washington State, including but not limited to the following: Renton Production Facility in Renton, Washington; Everett Production Facility in Everett, Washington; North Boeing Field in Seattle, Washington; Seattle Distribution Center in Seattle, Washington; Longacres in Renton, Washington. Boeing also operates out of facilities located in Auburn, Washington, Bellevue, Washington, and Tukwila, Washington. In addition, Boeing operates facilities in states outside of Washington such as North Charleston, South Carolina and St. Louis, Missouri.

7.      Defendant Boeing is an "employer" within the meaning of 29 U.S.C. §203(d) and RCW § 49.46.020(4). Defendant is also a "person" within the meaning of 29 U.S.C. § 203(a).

## FACTS

8.      Named Plaintiff Cynthia Johnson has been employed by defendant since 2012. From July 2012 through March 2013, Named Plaintiff Johnson held the position entitled "Project Planner" at the Renton Production Facility. Since March 2013, Named Plaintiff Johnson has held the position entitled "Project Administrator." As Project Administrator, her primary job duty is to work on projects, primarily involving moving groups of employees, whom Boeing has determined should be moved, from one on-site work location to another work location. Johnson does not make decisions regarding who should be moved, when they should be moved, or where they should be re-located. Nor does she determine the budget or costs associated with the move. She does not make decisions regarding matters of significance. All renovations of work space that occur prior to moving the group of employees into the renovated space are made in strict conformance with Boeing standards—from determining the height of a cubicle panel, to setting the location of an

3

COMPLAINT, CASE NO. _____

1  outlet or a desk return. Johnson has no purchasing authority as a Project Administrator.  Instead,

2  her work is performed in strict conformance with Boeing standards, procedures and criteria.

3      9.      Named Plaintiff Brenda Bezeredi has been employed by defendant since 2007.  She

4  began her employment with Boeing as an Office Administrator. For the last three years and before,

5  she has held the position entitled "Staff Analyst" at the Renton Production Facility. As a Staff

6  Analyst, her primary duties are clerical in nature, and include managing calendars, making travel

7  arrangements, compiling data, and using well-established metrics to determine whether Boeing

8  teams are meeting targets, the parameters of which, are set by Boeing management. Plaintiff

9  Bezeredi has no authority to determine budgets, set metrics, or to make decisions regarding matters

10 of significance.

11      10.     Named Plaintiff Jaine Bialk has been employed by defendant since 2011. From

12 2011 until August 2012 at the Everett Production Facility, and again from March 2017 until

13 September 2018 at the Renton Production Facility, Named Plaintiff Bialk held the position entitled

14 "Project Planner." As a Project Planner, her primary job duty was to assist in drafting plans (in

15 accordance with Boeing standards and criteria) needed to carry out Boeing's decision to change or

16 renovate a work space. An example of a project on which she served as a Project Planner involved

17 Boeing's decision to retrofit a production line for one of its aircraft models.  In her role as Project

18 Planner, Bialk regularly visited the existing production line to speak with workers on the line

19 regarding their current and new workspace needs so that she could prepare drawings regarding

20 where they wanted outlets, tools, and other work space features when their workspace was moved

21 to a new place on the reconfigured production line. Bialk would present these drawings and plans

22 to management for review, modifications, and approval.  Bialk had no purchasing authority as a

23

4

24 COMPLAINT, CASE NO. _____

25

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

1    Planner; nor did she set or determine budgets or determine workspace needs.  Instead, her work

2    was performed in strict conformance with Boeing standards, procedures, and criteria.  She does

3    not make decisions regarding matters of significance.

4         11.    From August 2012 until March 2017 at the Everett and Renton Production

5    Facilities, and again from September 2018 continuing to the present at North Boeing Field, Named

6    Plaintiff Bialk held the position entitled "Project Administrator." As a Project Administrator,  her

7    primary job duty has been to work on projects involving moving groups of employees, whom

8    Boeing has determined should be moved, from one on-site work location to another on-site work

9    location.  Bialk does not make decisions regarding who should be moved, when they should be

10   moved, where they should be re-located, or determine the budget or costs associated with the move.

11   All renovations of work space that occur before moving the group of employees into the new space

12   are made in strict conformance with Boeing standards - from determining the height of a cubicle

13   panel to determining the location of an outlet or a desk return. Bialk has no purchasing authority

14   as a Project Administrator.  Instead, her work is performed in strict conformance with Boeing

15   standards, procedures and criteria. As a Project Administrator, she does not make decisions

16   regarding matters of significance.

17        12.    The primary job duties of the Named Plaintiffs and all others similarly situated are

18   not directly related to Boeing's management or general business operations.

19        13.    The primary job duties of the Named Plaintiffs and all others similarly situated do

20   not include the exercise of discretion or independent judgment regarding matters of significance.

21        14.    Named Plaintiffs and all others similarly situated are not involved in planning

22   Boeing's long- or short-term business objectives.

23
                                        5
24   COMPLAINT, CASE NO. _____                    Compass Law Group, PS Inc.
                                                       1001 Fourth Avenue, Suite 3200
25                                                              Seattle, WA 98154
                                                                (206) 251-5488

15.     Named Plaintiffs and all others similarly situated do not formulate, affect, implement, or interpret Boeing's management policies or operating practices.

16.     Named Plaintiffs and all others similarly situated do not carry out major assignments that affect Boeing's business operations.

17.     Named Plaintiffs and all others similarly situated do not set budgets or have authority to commit Boeing in matters that have significant financial impact.

18.     Named Plaintiffs and all others similarly situated are not permitted to waive or deviate from Boeing's established policies, practices and procedures without prior approval.

19.     The primary job duties of the Named Plaintiffs and all others similarly situated do not require advanced knowledge in a field of science or learning.

20.     Named Plaintiffs, and all others similarly situated, regularly have worked, and do work, in excess of 40 hours per workweek. However, they are not compensated for their overtime hours (i.e., hours in excess of 40 hours in a workweek) at one one-half times their regular rate of pay.

21.     Named Plaintiffs, and those similarly situated, receive no pay for hours that they work between 40 and 44 hours in a workweek.

22.     When Named Plaintiffs, and those similarly situated, work in excess of 44 hours in a workweek, plaintiffs and those similarly situated, receive their hourly rate plus $6.50 an hour for hours in excess of 44 hours in a workweek. However, in calculating whether plaintiffs meet the 44 hour threshold, defendant excludes any daily overtime that is less than two hours.

23.     Plaintiffs, and those similarly situated, do not receive any pay for daily hours of overtime unless they work at least two hours of overtime that day, and then only if the total

6

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

1  overtime hours are in excess of 44 hours in a workweek.  In other words, Boeing simply ignores

2  For example, if plaintiffs worked two hours of overtime on two days in a week and one hour of

3  overtime on a third day that week, plaintiffs will have exceeded Boeing's arbitrary 44-hour weekly

4  overtime threshold.  However, since plaintiffs worked fewer than two hours of overtime in excess

5  of the 44-hour Boeing weekly threshold, plaintiffs do not receive any pay for any of the five hours

6  of overtime hours worked that week.

7        24.     In example, during the workweek ending January 17, 2019, Plaintiff Johnson

8  worked 62.5 hours.  This included 40 hours of regular work time and 22.5 hours of approved

9  overtime.  During that workweek, Ms. Johnson did not receive any pay for the one hour of overtime

10  that she worked on January 16, 2019 because, pursuant to Boeing's policy, it was not at least two

11  hours of overtime on a particular workday. In addition, she received no pay for the hours of

12  overtime that she worked from 40 to 44 hours. Instead, she received only 17.5 hours of so-called

13  overtime pay this particular workweek.  The overtime pay rate that she earned for these 17.5 hours

14  of the 22.5 hours of overtime that she worked this particular week, equaled her hourly rate of

15  $41.96 plus $6.50 an hour (i.e., $48.46 per hour), as opposed to time and one-half her regular rate

16  of pay which would have been in excess of $63.00 per hour.

17        25.     In further example, during the workweek ending January 31, 2019, Plaintiff

18  Bezeredi worked 44.5 hours. She worked 40 regular hours, 2.5 hours of overtime on one day, 1.5

19  hours of overtime on another day, and .5 hours of overtime on a third day for a total of 4.5 hours

20  of overtime.  However, Boeing excluded the overtime entries that were for fewer than two hours

21  on a particular day from its hour calculations. Instead, Boeing counted only the 2.5 hours of

22  overtime in its calculation of work hours, for a total of 42.5 hours worked that week.  Since 42.5

23

7

24  COMPLAINT, CASE NO. _____                          Compass Law Group, PS Inc.
                                                           1001 Fourth Avenue, Suite 3200
25                                                         Seattle, WA 98154
                                                           (206) 251-5488

1    hours is less than the 44-hour weekly overtime threshold, Bezeredi did not receive any pay for the

2    4.5 hours of overtime that she worked that week.

3         26.     In further example, during the week of February 18, 2019, Plaintiff Bialk worked

4    at least 43 hours, consisting of five eight-hour shifts and at least one hour of overtime on at least

5    three days during that workweek. However, Ms. Bialk did not receive any pay for the at least 3

6    hours of overtime that she worked, because, pursuant to Boeing's policy, she receives no pay for

7    the hours of overtime that she works from 40 to 44 hours and because she did not work at least 2

8    hours of overtime on any particular workday that week. Instead, she received only 40 hours of

9    regular pay during this workweek.

10        27.     Often, supervisors order plaintiffs not to record their overtime hours. Instead,

11   supervisors tell plaintiffs, and those similarly situated, to "flex" their time.  This is an instruction

12   to plaintiffs to work the overtime necessary (but not to record it at all) to get the job done, but then,

13   if workload will allow, to take that same number of hours off in the next week.  For example, rather

14   than approve 8 hours of overtime in a week, plaintiffs' supervisors tell plaintiffs to work 48 hours

15   in that week without recording those 8 hours in excess of 40, and with no pay for any hours above

16   40, but then, if workload permits, to work only 32 hours the next week.

17        28.     On occasion, plaintiffs are told to record overtime as "Flex Time." In example,

18   plaintiffs may record 48 hours in week one of an 80 hour period and 32 hours in week two of the

19   80 hour period. Plaintiffs are not paid any overtime for the 8 hours of recorded overtime hours (so-

20   called "Flex Time" hours) in week one.

21        29.     In addition to regular weekly overtime, as part of the Facilities & Asset

22   Management Division, Plaintiffs have been required to work overtime hours without pay during

23

                                        8

24   COMPLAINT, CASE NO. _____                             Compass Law Group, PS Inc.
                                                             1001 Fourth Avenue, Suite 3200

25                                                                      Seattle, WA 98154
                                                                     (206) 251-5488

the time periods that Boeing shuts down its manufacturing facilities, which occurs four times per year. These shutdowns are required to perform essential maintenance activities. Plaintiff Project Administrators, and those similarly situated, are required to be on site to assist and support maintenance projects in production areas that cannot be performed while production is ongoing.

## CLASS ACTION ALLEGATIONS

30.     Named Plaintiffs Cynthia Johnson, Brenda Bezeredi, and Jaine Bialk bring their claims under the WMWA and WWRA as a class action pursuant to Fed. R. Civ. P. 23 on behalf of a class consisting of the following: All individuals employed by defendant The Boeing Company in positions entitled Project Planners, Project Administrators, and/or Staff Analysts at locations in Washington State who were classified as exempt from the Fair Labor Standards Act and Washington Minimum Wage Act at any time within the past three years.

31.     Defendant has violated the WMWA, resulting in damages to plaintiffs and the members of the class in the form of unpaid wages and incurred and incurring costs. Defendant is liable to the plaintiffs and class members for those damages as well as reasonable attorneys' fees and costs. RCW § 49.46.090.

32.     Defendant has violated the WWRA, resulting in damages to plaintiffs and the members of the class in the form of twice the unpaid wages and incurred and incurring costs. Defendant is liable to the plaintiffs and class members for those damages as well as reasonable attorneys' fees and costs. RCW § 49.52.070.

33.     **Numerosity.** Upon information and belief, there are upwards of 600 current and former employees of defendant in the class. Thus, the Washington class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these

9

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

1    similarly situated members of the class are known to the Defendant, readily identifiable, and can

2    be located through Defendant's work and payroll records.

3        34.    **Commonality.** There are questions of law and fact common to the members of the

4    Washington class, including but not limited to:

5        (a) Whether Defendant violated the WMWA by failing to pay the Named Plaintiffs

6            and class members overtime compensation for all hours worked in excess of 40 in

7            a workweek at the rate of one and one half times the employees' regular rate of

8            pay? RCW § 49.46.130(a).

9        (b) Whether as a result of the overtime pay violations of the WMWA, the Named

10           Plaintiffs and Washington class members have suffered damages by failing to

11           receive their lawful wages during their employment by Defendant? RCW §

12           49.46.130(a).

13        (c) Whether as a result of the Defendant's failure to pay Named Plaintiffs and

14           Washington class members at time and one half times their regular rate of pay for

15           all hours worked in excess of 40 in a workweek, the Defendants have willfully

16           failed to pay Named Plaintiffs and Washington class members a lower wage than

17           the wage the defendant is obligated to pay under statute, ordinance, or contract?

18           RCW § 49.52.050.

19        (d) Whether as a result of the Defendant's violations of the WWRA, the class members

20           are entitled to damages in the form of twice the unpaid wages and incurred and

21           incurring costs? RCW § 49.52.070.

22        (e) Whether as a result of the overtime pay violations of the WMWA and the WWRA,

23

10

24    COMPLAINT, CASE NO. _____                 Compass Law Group, PS Inc.

1001 Fourth Avenue, Suite 3200

25                                                 Seattle, WA 98154

(206) 251-5488

the Named Plaintiffs and Washington class members are also entitled to an award of attorneys' fees and costs? RCW § 49.46.090(a); RCW § 49.52.070.

35. **Typicality.** The claims of the Named Plaintiffs, which involve the Defendant's systematic and unlawful pay practices, are typical of all members of the Washington class. The Named Plaintiffs have the same interest in this matter as all members of the Washington Class; namely, the Named Plaintiffs and members of the Washington class all seek to be paid overtime compensation for all hours worked in excess of 40 in a workweek at the rate of one and one-half times the employees' regular rate of pay.

36. **Adequacy.** The Named Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the class members they seek to represent, they are committed to pursuing this action, and the Named Plaintiffs have retained the undersigned attorneys, who are competent counsel experienced in wage and hour law and class action litigation, to represent them in pursuing this action.

37. **Rule 23(b)(3).** The requirements of Fed. R. Civ. P. 23(b)(3) are met in this action because the questions of law and/or fact identified above are not only common, but will predominate over any individual questions and a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I

**Failure To Pay Plaintiffs And Others Similarly Situated at One and One-Half Times Their Regular Rates of Pay for All Hours of Work in Excess of 40 in a Workweek In Violation of the Fair Labor Standard Act, 29 U.S.C. § 207**

38. Plaintiffs hereby incorporated by reference paragraphs 1 through 37.

11

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

39.     The FLSA requires employers to pay employees overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of the maximum hours described in 29 U.S.C. § 207.

40.     At all times material herein, Plaintiffs, and those similarly situated to them, have worked hours in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207(a) in one or more workweeks.  As a result, at all times material herein, Plaintiffs, and those similarly situated to them, were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours they have worked in excess of 40 hours per workweek.  29 U.S.C. § 207(a).

41.     At all times material herein, Defendant has failed and refused to provide Plaintiffs, and those similarly situated to them, with overtime compensation at a rate of one and one-half times their regular rate of pay for all the hours they have worked in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207(a), in a workweek, thereby violating 29 U.S.C. § 207(a).

42.     Defendant's refusal to provide overtime pay at the lawful rate to Plaintiffs, and those similarly situated to them, for the hours they have worked in excess of 40 hours in a workweek, as specified in the FLSA, 29 U.S.C. § 207(a), wrongly deprived them of the overtime compensation that has been due to them at times material herein.

43.     As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs, and those similarly situated to them, for which Defendant is liable pursuant to 29 U.S.C. §§ 216(b) and 255, together with an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and the costs of this action.

12

COMPLAINT, CASE NO. _____

44.     As a result of Defendant's willful and purposeful violations of the FLSA, there have become due and owing to Plaintiffs an amount that has not yet been precisely determined.  The employment and work records for Plaintiffs, and those similarly situated to them, are in the exclusive possession, custody and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve payroll and other employment records with respect to Plaintiffs and other employees similarly situated from which the amount of Defendant's liability can be ascertained.

## COUNT II

**Failure To Pay Plaintiffs and Class Members at One and One-Half Times
Their Regular Rates of Pay for All Hours of Work in Excess of 40 in a Workweek
In Violation of the Washington Minimum Wage Act, RCW § 49.46**

45.      Plaintiffs hereby incorporated by reference paragraphs 1 through 44.

46.     The Washington Minimum Wage Act, RCW § 49.46.130(1), requires employers to compensate employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek. *See also* WAC § 296-128-550.

47.     At all times material herein, Plaintiffs, and the class they seek to represent,  have worked hours in excess of the hourly levels specified in the WMWA, RCW § 49.46.130(1) in one or more workweeks. As a result, at all times material herein, Plaintiffs and class members were entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours they have worked in excess of 40 hours per workweek.

48.     At all times material herein, Defendant has failed and refused to provide Plaintiffs and class members with overtime compensation at a rate of one and one-half times their regular rate

13

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

1  of pay for all the hours they have worked in excess of the hourly levels per workweek specified in

2  the WMWA, thereby violating RCW § 49.46.130(1) and WAC § 296-128-550.

3       49.     Defendant's refusal to provide overtime pay at the proper rate to Plaintiffs and to

4  class members for the hours they have worked in excess of 40 hours in a workweek, as specified in

5  the WMWA, wrongly deprived them of the overtime compensation that has been due to them at

6  times material herein.

7       50.     As a result of the aforesaid violations of the WMWA, overtime compensation has

8  been unlawfully withheld by Defendant from Plaintiffs and class members for which Defendant is

9  liable under RCW § 49.46.090(a), together with interest, reasonable attorneys' fees, and the costs of

10  this action.

11       51.     As a result of Defendant's willful and purposeful violations of the WMWA, there

12  have become due and owing to Plaintiffs and class members an amount that has not yet been

13  precisely determined.   The employment and work records for Plaintiffs are in the exclusive

14  possession, custody and control of Defendant and Plaintiffs are unable to state at this time the exact

15  amount owing to them. Defendant is under a duty imposed by the WMWA, RCW § 49.46.070, and

16  WAC § 296-128-010, to maintain and preserve payroll and other employment records with respect

17  to Plaintiffs and Washington Class Members from which the amount of Defendant's liability can be

18  ascertained.

19                                      **<u>COUNT III</u>**

20                          **Willful Failure to Pay Wages Under the**
                            **Washington Wage Rebate Act, RCW § 49.52**

21
        52.     Plaintiffs hereby incorporated by reference paragraphs 1 through 51.
22

23                                           14

24  COMPLAINT, CASE NO. _____                    Compass Law Group, PS Inc.
                                                     1001 Fourth Avenue, Suite 3200
25                                                                Seattle, WA 98154
                                                                   (206) 251-5488

53.     RCW § 19.52.050 provides that an employer who "[w]illfully and with intent to deprive the employee of any part of his wages, shall pay any employee a lower wage than the wage such an employer is obligated to pay such an employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

54.     Defendant's refusal to provide overtime pay at the proper rate to Plaintiffs and to class members for the hours they have worked in excess of 40 hours in a workweek, as specified in RCW § 49.46.130, wrongly deprived them of the lawful overtime compensation that has been due to them at times material herein in violation of RCW § 49.52.050.

55.     As a result of the Defendant's willful and purposeful actions, defendant is liable to Plaintiffs and class members in a civil action for twice the amount of wages unlawfully withheld, together with costs and reasonable attorneys' fees. RCW § 49.52.070.

56.     As a result of Defendant's willful and purposeful violations of RCW § 49.52.050, there have become due and owing to Plaintiffs and class members an amount that has not yet been precisely determined.   The employment and work records for Plaintiffs are in the exclusive possession, custody and control of Defendant and Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the WMWA, RCW § 49.46.070, and WAC § 296-128-010, to maintain and preserve payroll and other employment records with respect to Plaintiffs and Washington Class Members from which the amount of Defendant's liability can be ascertained.

## **PRAYER FOR RELIEF**

Wherefore, the plaintiffs pray that this Court grant relief against the Defendant as follows:

15

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

(a)     Enter a declaratory judgment declaring that the defendant has willfully and wrongfully violated its statutory and legal obligations and deprived plaintiffs and all others who are similarly situated and all class members of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein;

(b)     Order a complete and accurate accounting of all the compensation to which the plaintiffs, all others who are similarly situated, and members of the Washington class are entitled;

(c)     Award plaintiffs and members of the Washington class monetary damages in the form of back pay compensation and benefits; unpaid entitlements; liquidated damages, plus pre-judgment and post-judgment interest;

(d)     Award plaintiffs and all others who are similarly situated monetary damages in the form of back pay compensation; liquidated damages under federal law equal to their unpaid compensation, plus pre-judgment and post-judgment interest;

(e) Award plaintiffs, all those similarly situated, and all members of the Washington class, their reasonable attorneys' fees to be paid by the defendants, and the costs and disbursements of this action;

(f) Certify Plaintiffs' Washington State Law claims as a class action under FRCP Rule 23;

(g) Require Defendant to provide Plaintiffs the names, phone numbers, e-mail addresses, and addresses for each Project Administrator, Project Planner and Staff Analyst similarly situated to them and permit Plaintiffs to issue notice to all similarly situated employees;

(h) Give all similarly situated employees the opportunity to join this collective action as party-plaintiffs by filing written consents under 29 U.S.C. § 216(b); and

(i) Grant such other legal and equitable relief as may be just and proper.

16

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

1

## **DEMAND FOR A JURY TRIAL**

2          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby respectfully

3    request a trial by jury on all claims presented in this Complaint.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24    COMPLAINT, CASE NO. _____

25

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

By:_ */s/ David M. Gaba*_____
David M. Gaba, WA Bar No. 18908
Compass Law Group, PS Inc.
1001 Fourth Avenue, Ste. 3200
Seattle, WA 98154
Phone: (206) 251-5488
Email: davegaba@compasslegal.com


Molly A. Elkin
*Pro hac vice admission motion to be filed*
Sarah M. Block
*Pro hac vice admission motion to be filed*
McGillivary Steele Elkin LLP
1101 Vermont Ave. NW
Suite 1000
Washington, DC 20005
Phone: (202) 833-8855
Email: mae@mselaborlaw.com
Email: smb@mselaborlaw.com


Patricia L. Vannoy
*Pro hac vice admission motion to be filed*
Mattson Ricketts Law Firm
134 S. 13th Street, Ste. 1200
Lincoln, NE 68508
Phone: (402) 475-8433
Email: plv@mattsonricketts.com

COMPLAINT, CASE NO. _____

Compass Law Group, PS Inc.
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(206) 251-5488