# Exhibit A

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNTHIA JOHNSON, BRENDA BEZEREDI, JAINE BIALK, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    v.<br><br>THE BOEING COMPANY,<br><br>            Defendant. | Case No. 2:19-cv-00597-RSM |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement" or "Settlement") is made and entered into by and among Plaintiffs Jaine Bialk and Brenda Bezeredi,[1] on behalf of themselves and the Settlement Class (defined below) they represent under Rule 23 of the Federal Rules of Civil Procedure and pursuant to Section 16(b) of the Fair Labor Standards Act, and Defendant The Boeing Company ("Defendant" or "Boeing").

---

[1] Plaintiff Cynthia Johnson died on April 2, 2020 while this matter was stayed pending settlement discussions. She was a putative class representative for the proposed class until her death. David Johnson is Cynthia Johnson's next of kin. On December 29, 2020, pursuant to Fed. R. Civ. P. 25(a), the Court entered the Order Re Unopposed Motion to Substitute David Johnson for Cynthia Johnson.  Dkt. # 40.  The Order substituted Ms. Johnson's eldest son, David Johnson (the "Approved Substitute") for the purpose of administering the distribution of Ms. Johnson's incentive payment and share of the settlement fund to her estate if the settlement is approved by the Court.

## RECITALS

On April 22, 2019, Named Plaintiffs (defined below) filed their Complaint alleging that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), by failing to pay overtime for all hours worked. The Complaint also alleged Rule 23 class action claims that Defendant violated the Washington Minimum Wage Act ("WMWA"), Chapter 49.46 RCW, and the Washington Wage Rebate Act ("WWRA"), Chapter 49.52 RCW (collectively, the "Litigation"). Defendant denies these allegations.

On May 28, 2019, Named Plaintiffs filed a Motion for Conditional Certification and Notice Pursuant to the FLSA. (Dkt. 13).

On June 27, 2019, Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), which Named Plaintiffs opposed. (Dkts. 16, 19-20).

On October 1, 2019, the Court So Ordered the Parties' (defined below) stipulated motion to stay the case and all deadlines and motions to permit the Parties to engage in good faith settlement negotiations and early mediation. (Dkt. 24). Due to the COVID-19 global pandemic, the Parties' initial April 2, 2020 mediation date was rescheduled multiple times, and the Court continued the stay to allow the Parties to focus their efforts on settlement. In connection with this mediation, counsel for the Parties exchanged information and data and engaged in good faith negotiations presided over by David Rotman, a highly-regarded mediator with respect to wage and hour claims, on October 26, 2020 via Zoom. While the mediation ended without an agreement, the Parties were able to reach agreement on the broad terms of a settlement on November 16, 2020, when both Parties signed a Memorandum of Understanding documenting the principal settlement terms. Since that time, the Parties have continued to work to narrow the

issues and identify areas of agreement and have made additional concessions where appropriate leading ultimately to this Agreement.

The Parties and their counsel believe that the interests of all concerned are best served by compromise, settlement, and dismissal of the Litigation with prejudice, without the expense, delay, diversion, and risk of protracted and complex litigation, and they have concluded that the terms of this Agreement are fair, reasonable, adequate, and in the Parties' mutual best interests.

## 1.    DEFINITIONS

1.1.    The term "Settlement Class Members" means all persons who worked for Boeing in Washington State at any time from April 22, 2016 to the date the Joint Motion for Preliminary Approval of Settlement is filed as a Staff Analyst (Level 3), Facilities Planner (Level 2 or 3) or Facilities Project Administrator (Level 2 or 3) (collectively, the "Covered Positions") and who were classified by Boeing as exempt from the FLSA and the WMWA. The Settlement Class Members include all persons with unique employee identification numbers identified in the Payroll data produced by Defendant on February 6, 2020, November 12, 2020, and promptly after the date that the Joint Motion for Preliminary Approval of Settlement is filed (the "Data") for whom the Data reflect any work hours in a Covered Position since April 22, 2016. There are approximately 770 Settlement Class Members.

1.2.    The term "Named Plaintiffs" means Jaine Bialk, Brenda Bezeredi, Cynthia Johnson (for the period up to April 2, 2020) and, Ms. Johnson's Approved Substitute (Dkt. 40).

1.3.    The term "Class Counsel" means the undersigned Plaintiffs' lawyers.

1.4.    The term "Parties" means Named Plaintiffs and Defendant.

1.5.    The "Class Settlement Fund" is Two Million Dollars and Zero Cents ($2,000,000.00), which is the total amount Defendant shall be required to pay under the terms of

92322804.15

this Settlement Agreement, except to the extent Defendant will pay the employer share of payroll taxes associated with payments to Named Plaintiffs and Settlement Class Members pursuant to this Agreement that are attributable to back wages.

1.6.    The "Net Class Fund" is the amount to be distributed to Settlement Class Members (including Named Plaintiffs) after the amounts of court-approved Service Awards, Attorneys' Fees and Actual Expenses, and Settlement Administration Costs, defined below in this Agreement, are deducted from the Class Settlement Fund.

1.7.    The "Released Party" means Defendant, Defendant's predecessors, successors, parents, subsidiaries, and affiliated entities including their former and present officers, directors, agents, employees, attorneys, insurers, representatives, and benefit plans.

1.8.    "Released Claims" means any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Settlement Class Member might have, known or unknown, asserted or unasserted, of any kind whatsoever, that relate to payment of wages due or paid and hours worked (including but not limited to overtime, minimum wage, and rest/meal period claims), wage/hour recording, and related relief through the date the Joint Motion for Preliminary Approval of Settlement is filed for the time period a Settlement Class Member occupied a Covered Position, except to the extent that any such claim may not be waived as a matter of law. The Released Claims specifically include without limitation: exemplary damages, liquidated damages, attorneys' fees, and penalties arising under federal, state, or local wage/hour laws, including but not limited to the Fair Labor Standards Act, the Washington Minimum Wage Act, the Washington Wage Rebate Act, the Washington Wage

4

Payment Act, and the Washington Industrial Welfare Act, and their respective implementing regulations. The settlements, compromises, releases, and discharges described in the foregoing shall extend to any such claims that arose at any time up to and including the date the Joint Motion for Preliminary Approval of Settlement is filed. The Released Claims do not include claims of employment discrimination or civil rights violations (including without limitation claims arising under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act) or other claims related to employment but not related to hours worked or the payment of wages.

1.9.    "Business Days" means weekdays (Monday through Friday), excluding weekends and paid holidays observed by Boeing.

## 2.    NO ADMISSION OF LIABILITY; COMPROMISE ACKNOWLEDGEMENT

2.1.    The Parties agree that this Agreement is entered into solely on the basis of a compromise of disputed claims, and this Agreement is not, and is not to be construed as, an admission by any Party of any liability whatsoever. Nor is it, and nor will it be construed as, an admission of any act or fact whatsoever, including any violation of federal, state, local, or common law, statute, ordinance, directive, regulation or order. This Agreement, and any communications, papers, proceedings or orders related to this Agreement, are settlement documents and shall be inadmissible in evidence in any proceeding, other than an action or proceeding to approve, interpret or enforce this Agreement.

2.2.    The Parties have investigated the facts and law during this Litigation, including obtaining and reviewing declarations and statements from Named Plaintiffs regarding job duties, hours worked and/or recorded, and wages paid; reviewing documents related to Defendant's policies and practices; analyzing emails and other documents related to the Settlement Class

Members' job duties and decision-making authority; and analyzing Defendant's payroll records. The Parties have also analyzed the applicable law and the damages claimed by Named Plaintiffs. Relying on their fact investigations, analyses, and the law, the Parties have engaged in arm's length settlement negotiations.

2.3.    Named Plaintiffs believe the claims asserted in the action have merit. However, Named Plaintiffs recognize the expense and length of continued litigation through prolonged discovery, vigorous motions practice concerning, *inter alia*, the possibility that either the FLSA collective action and/or the Rule 23 class action may not be certified or may later be decertified, summary judgment motions practice regarding Defendant's claimed exemption defenses and other liability issues, the possibility of an adverse ruling on Defendant's pending motion to dismiss, the difficulties in proving off-the-clock work claims, if any, on a class-wide basis, the trial, and possible appeals. Named Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation, as well as the delays inherent in such litigation and the likelihood of protracted appellate review. Named Plaintiffs believe that the settlement reached confers substantial benefits and that the settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of the Settlement Class Members.

2.4.    Defendant maintains that it has complied with its obligations under the FLSA and Washington state and local law and believes Named Plaintiffs' claims for unpaid wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs will fail. Defendant maintains that the asserted claims are inappropriate for collective treatment under 29 U.S.C. § 216(b) or class treatment under Fed. R. Civ. P. 23, except for purposes of settlement. Defendant has vigorously contested the claims, but Defendant has taken into account the uncertainty and risks inherent in any litigation and believes that further litigation would likely be

92322804.15

protracted, expensive, and contrary to its best interests. Substantial amounts of time, energy, and other resources have been and, absent settlement, will continue to be committed to Defendant's defenses against the claims asserted in this Litigation. In light of these factors, Defendant believes that settlement is the best way to resolve the disputes among the Parties while minimizing its own further expenditures.

2.5.    The settlement will not be considered a concession or admission by Defendant of any violation of federal, state, or local law, statute, regulation, rule or order or any obligation or duty at law or in equity. Defendant's agreement to resolve the claims of all Settlement Class Members will not be considered an admission or concession that collective or class action treatment would have been appropriate in this Litigation for any purpose other than settlement, or that collective or class action treatment would be appropriate in any other action.

2.6.    Nothing in this Agreement will be deemed a concession or admission by any Party as to the amount of time the Settlement Class Members worked, including any amount of time in excess of 40 hours in a workweek.

2.7.    Class Counsel, after consultation with Named Plaintiffs, have independently determined that settlement and dismissal of the claims asserted in this Litigation are proper under the circumstances of this Litigation and the terms of this Agreement.

2.8.    This Agreement, including the Notice of Class and Collective Action Settlement ("Notice") attached hereto as Exhibit A, and the Agreement executed by the Approved Substitute attached hereto as Exhibit B, contains all of the agreements between the Parties and their respective counsel relating to the settlement of the Litigation. There are no undisclosed side agreements between the Parties or their counsel. At all times, the negotiations leading to the Agreement were adversarial, non-collusive, and at arm's length. This Agreement supersedes the

Memorandum of Understanding between the parties, dated November 16, 2020, which is hereby canceled and revoked and shall have no further force or effect.

**3.      TIMELINE FOR SETTLEMENT**

3.1.    The Parties contemplate the following timeline of settlement events:

a.      Within ten (10) Business Days after the Parties execute this Agreement, the Parties will submit a Joint Motion for Preliminary Approval of Settlement as set forth in Paragraph 5.3 of this Agreement. The date on which the Court issues an order granting such motion is referred to herein as the "Preliminary Approval Date." Class Counsel will draft the motion and supporting memorandum and will submit it to Defendant for review and editing no later than five (5) Business Days after the Parties execute this Agreement.

b.      Within five (5) Business Days after the Preliminary Approval Date, Defendant will provide the Class List (defined below) to the Settlement Administrator (defined below), as set forth in Paragraph 4.2 of this Agreement.

c.      Within seven (7) calendar days after it receives the Class List from Defendant, the Settlement Administrator will distribute the Notice (defined below), as set forth in Paragraph 6.1 of this Agreement. The date on which the Settlement Administrator distributes the Notice is referred to herein as the "Notice Distribution Date."

d.      Settlement Class Members, exclusive of any Named Plaintiff, shall have sixty (60) calendar days from the Notice Distribution Date to submit an Opt Out Statement (defined below) or object to the Settlement, in accordance with Paragraphs 7.1 and 8.1 of this Agreement. Any Settlement Class Member who timely submits an Opt Out Statement will not receive a Settlement Payment (defined below) and will not be deemed to have released any of the Released Claims.

e.       No later than seven (7) calendar days before the Final Approval Hearing (defined below), or by such other date set by the Court, Class Counsel shall file a Petition for Attorneys' Fees and Actual Expenses, in accordance with Paragraphs 9.1 and 9.4 of this Agreement.

f.       No later than seven (7) calendar days before the Final Approval Hearing, or by such other date set by the Court, the Parties shall file a Joint Motion for Final Approval of Settlement, as set forth in Paragraph 9.2 of this Agreement. The Court's order granting such motion is referred to herein as the "Final Approval Order," and the date such order is issued by the Court is referred to herein as the "Final Approval Date."

g.       Within seven (7) calendar days after the Final Approval Date, the Settlement Administrator shall provide the Settlement Administrator Report as defined in and in accordance with Paragraph 10.3 of this Agreement.

h.       The "Effective Date" shall be the date on which the Final Approval Order is not subject to further appeal or review.

i.       Within thirty (30) calendar days after the Effective Date, Defendant will deposit the Class Settlement Fund, plus the employer's share of applicable payroll taxes, into the QSF (defined below), in accordance with Paragraph 10.5 of this Agreement.

j.       Within seven (7) calendar days after Defendant funds the QSF, the Settlement Administrator shall mail the Settlement Payments to Settlement Class Members who do not opt out in accordance with Paragraph 7.1, mail the Service Awards to Named Plaintiffs, and pay Class Counsel their Attorneys' Fees and Actual Expenses as set forth in the Final Approval Order.

92322804.15

k.      The deadline for Named Plaintiffs and Settlement Class Members to cash Settlement Payments and Service Awards will be one hundred and twenty (120) calendar days after the date such Settlement Payments and Service Awards are issued by the Settlement Administrator. This one hundred and twenty (120) day period shall be called the "Cashing Period." Any Settlement Class Member who either cashes his or her Settlement Check or obtains the Settlement Payment from the Unclaimed Property Division of the Washington State Department of Revenue (the "Unclaimed Property Division"), if so deposited pursuant to Paragraph 3.1(l), will be deemed to have opted in to the FLSA collective action in accordance with Paragraph 14.2. During the Cashing Period, the Settlement Administrator shall reissue Settlement Checks at the request of any Settlement Class Member; any such Settlement Class Member will have until the end of the Cashing Period, or twenty-one (21) calendar days after the Settlement Administrator mails the reissued Settlement Check, whichever is later, to cash the Settlement Check. During the Cashing Period, the Settlement Administrator will provide the Parties, upon request, a list of all Settlement Class Members who have not cashed their Settlement Payments and Service Awards.

l.      Sixty (60) calendar days following the end of the Cashing Period, the Settlement Administrator shall remit funds remaining from any uncashed Settlement Checks and Service Awards to the Unclaimed Property Division and notify such Settlement Class Member by First Class United States Mail.  That notice will include language consistent with Paragraph 14.2 and approved by the Parties informing the recipient that claiming the Settlement Payment from the Unclaimed Property Division shall have the same legal effect as cashing the Settlement Check.

10

4.      **APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

4.1.    The Parties agree that, subject to the approval of the Court, the Parties will retain the firm of Rust Consulting, Inc. to act as the independent Settlement Administrator, provide Notice as applicable to Settlement Class Members, open and manage a Qualified Settlement Fund ("QSF") under Section 468B of the Internal Revenue Code (the "Code") and Treas. Reg. § 1.468B-1 *et seq.*, distribute Settlement Payments and Service Awards, and perform other tasks consistent with the orders of the Court or this Agreement. Defendant will be consulted by Class Counsel and/or the Settlement Administrator with respect to any issues that arise with regard to settlement administration, and the Parties agree to work together in good faith to resolve such issues. The Settlement Administrator will be paid for all Settlement Administration Costs out of the Class Settlement Fund in accordance with Paragraph 11.3. Class Counsel represents that the Settlement Administrator has committed that Settlement Administration Costs will not exceed $15,000.00, inclusive of the Settlement Administrator's fee and costs necessary to administer the Agreement. The Parties' expectation is that any additional costs incurred by the Settlement Administrator shall be absorbed by the Settlement Administrator. In the event the Settlement Administrator makes a claim for any Settlement Administration Costs in excess of $15,000, Class Counsel shall be responsible for resolving that claim. Class Counsel hereby agrees to indemnify, defend, and hold harmless Boeing from any claim by the Settlement Administrator for reimbursement of Settlement Administration Costs in excess of those approved for payment by the Court from the Class Settlement Fund.

4.2.    No later than the date set forth in Paragraph 3.1(b) above, Defendant will provide the Settlement Administrator with the (i) name, (ii) best known mailing address, (iii) known telephone number(s), and (iv) Social Security Number of each Named Plaintiff and Settlement

Class Member, and (v) the corresponding unique employee identification number included in the Data (the "Class List").

4.3.    The actions of the Settlement Administrator shall be governed by the terms of the Agreement and the Preliminary Approval Order, with the latter taking precedence in the event of conflict. Class Counsel and Defendant's counsel may provide relevant information and guidance as needed by the Settlement Administrator in the performance of its duties and engage in related communications with the Settlement Administrator with notice and copies to one another, but without notice or copies to the Settlement Class Members or the Court, unless requested by the Court.

## 5.    PRELIMINARY COURT APPROVAL OF SETTLEMENT

5.1.    For settlement purposes only, the Parties agree that: (a) a settlement class may be certified in the Rule 23 class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, consisting of all Settlement Class Members; and (b) an FLSA collective may be certified in accordance with 29 U.S.C. § 216(b), consisting of all Settlement Class Members (the "Settlement Class"). If this Agreement and the settlement it memorializes are not finally approved by the Court, or if any appeal results in a reversal of the Final Approval Order that affects: (i) the amount to be paid by Defendant under this Agreement; (ii) the releases given by Named Plaintiffs or Settlement Class Members who do not opt out; or (iii) any other material aspect of the settlement set forth in this Agreement, then the Parties' agreement concerning certification stated in this Paragraph 5.1 shall become null and void, and any court order certifying a Rule 23 class or FLSA collective based on this Agreement shall be vacated without prejudice to the right of the Parties to seek or oppose certification.

92322804.15

5.2.     This Agreement will become final and effective only upon the occurrence of all of the following events: (a) the Agreement is executed by Named Plaintiffs, Defendant, Class Counsel, and counsel for Defendant; (b) the Court approves the material terms of the settlement as set forth in the Agreement and enters, without material change, the Preliminary Approval Order described in Paragraph 5.3; (c) the Notice is sent to the Settlement Class Members; (d) Settlement Class Members are afforded the opportunity to exclude themselves from the Settlement by submission of an Opt Out Statement; (e) Settlement Class Members are afforded the right to file written objections; and (f) the Court holds the Final Approval Hearing and enters a Final Approval Order (including approval and final certification of a Rule 23 settlement class and FLSA collective as set forth above) dismissing this case with prejudice, and sufficient time passes such that the Final Approval Order is no longer appealable, or, if an appeal is filed, the Final Approval Order is approved upon appeal.

5.3.     No later than the date set forth in Paragraph 3.1(a) above, the Parties will jointly submit this Agreement to the Court with an appropriate Joint Motion for Preliminary Approval of Settlement. In such motion, the Parties will request that the Court enter an order: (1) preliminarily approving the settlement reached by the Parties in this Litigation as embodied in this Agreement; (2) approving the form of the Notice to Settlement Class Members; (3) appointing Rust Consulting, Inc. as the Settlement Administrator; (4) appointing Plaintiffs' Counsel as Class Counsel; and (5) setting a Final Approval and Fairness Hearing (the "Final Approval Hearing") no earlier than one hundred (100) days after entry of the Preliminary Approval Order.

5.4.     Defendant shall provide notice to the appropriate governmental authorities in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715.

92322804.15

5.5.     If the Court denies the Joint Motion for Preliminary Approval of Settlement, unless the Parties jointly agree to seek reconsideration of the ruling or to seek Court approval of a renegotiated settlement, this Settlement Agreement will be null and void and the Litigation will resume as if no settlement had been attempted.

## 6.     DISTRIBUTION OF SETTLEMENT CLASS NOTICE

6.1.     No later than the date set forth in Paragraph 3.1(c) above, the Settlement Administrator will mail to each Settlement Class Member the Notice. The Settlement Administrator will run the mailing addresses from the Class List through the National Change of Address ("NCOA") database of the United States Postal Service ("USPS"). The Notice will inform the Settlement Class Members that they have a deadline, which will be sixty (60) calendar days from the mailing of the Notice, to object or opt out as described in Sections 7 and 8 below ("Response Deadline").

6.2.     The Settlement Administrator will conduct an address trace on all Settlement Class Members whose Notice is returned undeliverable and will resend the Notice to all updated addresses obtained through the trace. The Response Deadline will be extended by fifteen (15) calendar days from the date such Notice is re-mailed. Unless a Notice is returned to the Settlement Administrator by the USPS as undeliverable, each Notice shall be deemed mailed and received by the Settlement Class Member to whom it was sent seven (7) calendar days after mailing.

## 7.     OPT OUT PROCEDURE

7.1.     If a Settlement Class Member intends to opt out of the Litigation, he or she must mail a written, personally signed statement ("Opt Out Statement") to the Settlement Administrator that states substantially as follows: "I request to be excluded from the settlement

in *Johnson, et al. v. The Boeing Company*, Case No. 2:19-cv-00597-RSM (United States District Court for the Western District of Washington, Seattle). I affirm that I was employed by Defendant as an exempt employee in one of the positions identified in the Notice at some point in time from April 22, 2016 through [insert date that the Joint Motion for Preliminary Approval of Settlement is filed]." The Settlement Class Member must also include his or her name, address, email address, and telephone number(s). To be effective, the Opt Out Statement must be mailed to the Settlement Administrator via First Class United States Mail, postage prepaid and postmarked by the Response Deadline.

7.2.     The Settlement Administrator shall retain copies of any Opt Out Statements and provide them to Defendant and Class Counsel within three (3) Business Days after receipt. The Settlement Administrator shall serve a final list of all Opt Out Statements to the Parties within three (3) Business Days after the Response Deadline.

7.3.     Class Counsel will, within five (5) Business Days after the Response Deadline, redact all personal data identifiers and file with the Court via ECF copies of any Opt Out Statements.

7.4.     Any Settlement Class Member who does not timely submit an Opt Out Statement pursuant to this Agreement will be deemed to have accepted the settlement terms set forth in this Agreement and will have forever waived his or her right to opt out of the Settlement Class.

7.5.     The Parties agree that Named Plaintiffs may not exclude themselves from the Settlement Class.

7.6.     Any Settlement Class Member who submits a timely and valid Opt Out Statement shall not: (1) be bound by any orders or judgments entered in this Litigation; (ii) be entitled to

benefits or relief under this Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to the Settlement or appeal from any order of the Court.

7.7.    Subject to Paragraph 7.8, any Settlement Payment allocated to a Settlement Class Member who submits a timely and valid Opt Out Statement shall be reallocated to those Settlement Class Members who do not opt out on a pro-rata basis prior to the distribution of Settlement Checks (defined below) in accordance with Section 12 below.

7.8.    In the event Settlement Class Members representing ten percent (10%) or more of the Settlement Class submit timely Opt Out Statements to the Settlement Administrator, Defendant may, at its option, void the Agreement by providing notice to that effect to Class Counsel no later seven (7) calendar days before the Final Approval Hearing. If Defendant chooses to void the Agreement, Defendant shall bear any Settlement Administration Costs incurred by the Settlement Administrator to that point.

## 8.    OBJECTIONS TO SETTLEMENT

8.1.    Only Settlement Class Members, excluding Named Plaintiffs, may object to the Settlement. To object to the Settlement, such individual must mail to the Settlement Administrator either a written objection to the Settlement or a written notice of their intention to appear and object at the Final Approval Hearing no later than the Response Deadline. The statement must set forth in clear and concise terms the legal and factual arguments supporting the objection, and any reasons not included in the statement will not be considered. The statement must also include the name, address, email address, and telephone number(s) for the individual making the objection. The Settlement Administrator will provide the Parties with copies of each objection by email within one (1) business day of receipt. Class Counsel will redact all personal

data identifiers and file the originals of any and all objections with the Court within three (3) Business Days after the Response Deadline.

8.2.    An individual who files objections to the Settlement in accordance with Paragraph 8.1 ("Objector") has the right to appear at the Final Approval Hearing either in person or through counsel hired by the Objector. An Objector who wishes to appear at the Final Approval Hearing must state his or her intention to do so in writing at the time he or she submits his or her written statement. An Objector may withdraw his or her objection at any time. No Objector may present an objection at the Final Approval Hearing based on a reason not stated in his or her written statement. A Settlement Class Member who has submitted an Opt Out Statement may not submit objections to the Settlement.

8.3.    The Parties may file with the Court written responses to any filed objections no later than three (3) Business Days before the Final Approval Hearing.

8.4.    At no time shall any Party or their counsel seek to solicit or otherwise encourage Settlement Class Members to submit written objections to the Settlement Agreement, request exclusion from the Settlement Class, or appeal the Court's final judgment.

8.5.    Any Objector whose objection is overruled will be paid his or her Settlement Payment under the Settlement.

8.6.     Individuals who fail to timely object in the manner specified above will be deemed to have waived any objections and will be foreclosed from making any objection to the settlement set forth in this Agreement, whether by appeal or otherwise.

## 9.    FINAL APPROVAL AND FAIRNESS HEARING

9.1.    No later than the date set forth in Paragraph 3.1(e), Class Counsel will file a Petition for Attorneys' Fees and Actual Expenses.

92322804.15

9.2.     No later than the date set forth in Paragraph 3.1(f), the Parties will jointly submit to the Court a memorandum of law and any necessary declarations, objections, or opt-out information in support of a Joint Motion for Final Approval of Settlement. Class Counsel will draft the motion and supporting memorandum and will submit it to Defendant for review and editing no later than ten (10) Business Days prior to the deadline for submission to the Court.

9.3.     In the Joint Motion for Final Approval of Settlement, the Parties will request that the Court, among other things: (1) state that there is a bona fide legal dispute between the Parties as to whether Settlement Class Members are owed any wages, overtime compensation, statutory damages, and related relief; (2) approve the Agreement, including all information contained in the Notice, as fair, reasonable, adequate, and binding on all Named Plaintiffs and Settlement Class Members who did not opt out of the settlement, and with respect to the FLSA claims, binding on all Settlement Class Members who either cash their Settlement Check or obtain the Settlement Payment from the Unclaimed Property Division; (3) approve the procedure for Defendant to pay the Class Settlement Fund into the QSF in accordance with Paragraph 10.5; (4) order administration of the QSF in accordance with Sections 10-13; (5) order entry of a Stipulation of Dismissal in accordance with this Agreement; (7) approve the Attorneys' Fees and Actual Expenses in accordance with Paragraph 9.4; and (8) retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement.

9.4.     Class Counsel will seek an award of Attorneys' Fees of $666,666.67 ("Attorneys' Fees"), which equals thirty-three and one-third percent (33 1/3 %) of the Class Settlement Fund. Any fee payments approved by the Court shall be paid from the Class Settlement Fund defined in Paragraph 1.5. In addition, Class Counsel will request $21,402.70 for out-of-pocket expenses

18

("Actual Expenses") from the Class Settlement Fund in accordance with Paragraph 11.2. The Settlement Administration Costs will also come out of the Class Settlement Fund in an amount not to exceed $15,000. Defendant does not and will not oppose Class Counsel's request for Attorneys' Fees and Actual Expenses to the extent the amounts requested do not exceed the amounts set forth in this Paragraph.

9.5.    If the Court fails to enter a Final Approval Order in accordance with this Agreement, or if the Final Approval Order is set aside by appeal, the Parties will proceed in accordance with Paragraph 27.1.

9.6.    In the event this Agreement does not become final, the Settlement Administrator will provide notice to the Settlement Class Members, in a form jointly agreed upon by the Parties, that the Agreement did not receive final approval and that, as a result, no Settlement Payments will be made to Settlement Class Members under the Agreement. Such notice shall be mailed by the Settlement Administrator via First Class United States Mail, postage prepaid, to the addresses used by the Settlement Administrator in mailing the Notices. If the Agreement does not become final, all Settlement Administrator Costs shall be split equally between Class Counsel and Defendant.

9.7.    In the event a Final Approval Order consistent with the terms and conditions of this Agreement in all material respects is entered, Named Plaintiffs, Class Counsel, and Defendant all hereby waive any and all rights to appeal the Final Approval Order. The waiver in the preceding sentence does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings.

9.8.    Named Plaintiffs and Class Counsel understand and agree that any fee payments made pursuant to Paragraph 9.4 will be the full, final, and complete payment of all attorneys'

fees and costs arising from or relating to the representation of Named Plaintiffs and Settlement Class Members, or any other attorneys' fees and costs associated with the investigation, discovery, and/or prosecution of this Litigation. As an inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge any claim they may have against the Released Party for attorneys' fees or costs arising from or relating to the Litigation. As a further inducement to Defendant to enter into this Agreement, and as a material condition thereof, Named Plaintiffs and Class Counsel further understand and agree that the fee and cost payments made pursuant to Paragraph 9.4 will be the full, final, and complete payment of all attorneys' fees and costs that are released, acquitted or discharged under this Paragraph, and warrant and represent that they will not, nor will any of their employees, agents or representatives of their firms, file any claims for attorneys' fees or costs, including but not limited to bills of costs or requests for attorneys' fees, for any fees and/or costs arising out of the Litigation, and Named Plaintiffs and Class Counsel hereby irrevocably and unconditionally release, acquit, and forever discharge Defendant of any liability for such fees and/or costs. Furthermore, Named Plaintiffs and Class Counsel represent and warrant that no attorney, other than Class Counsel, has any attorneys' fee lien on or claim to any proceeds arising out of, by virtue of, or in connection with this Litigation, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of or by virtue of or in connection with the Litigation.

## 10. QUALIFIED SETTLEMENT FUND

10.1.   Defendant and the Settlement Administrator will cause to be established and maintained a QSF to be designated the *Johnson v. Boeing* QSF. The Parties agree that the QSF is

intended to be a "Qualified Settlement Fund" under Section 468B of the Code and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1 *et seq*., and will be administered by the Settlement Administrator in accordance with the terms of this Agreement and in such a manner as to qualify and maintain the qualifications of the QSF under the aforementioned Code sections. The monies to establish, maintain, and fund the QSF will be part of the Settlement Administration Costs, which will be paid exclusively from the Class Settlement Fund in accordance with Paragraph 10.4.

10.2.   The Settlement Administrator will apply for the employer identification number required for the QSF and will provide that number to Defendant within two (2) weeks after receiving it. The Settlement Administrator will comply with all applicable tax filings, withholdings, payments, and reporting requirements of the QSF, including those required by the Code and applicable regulations thereunder. The Settlement Administrator will timely inform Defendant of any federal or state tax payment or filing obligations associated with or arising out of payments made by the QSF, although the Settlement Administrator shall be the one to make such payments in accordance with Paragraphs 13.1 and 13.2.

10.3.   No later than the date set forth in Paragraph 3.1(g), the Settlement Administrator will tender a report (the "Settlement Administrator Report") to Class Counsel and Defendant's counsel containing the following information: (1) the gross Settlement Payments to each Settlement Class Member, before deduction of the Settlement Class Member's share of taxes and withholding; (2) the amount of the Settlement Payment attributed to wages; (3) the amount of the Settlement Payment attributed to interest, liquidated damages, and non-wage recovery; (4) the net Settlement Payment to each Settlement Class Member, after deduction of the Settlement Class Member's share of taxes and withholding; and (5) the amount of Defendant's portion of

the payroll taxes on the Settlement Payments to be paid by Defendant to the Settlement Administrator, who shall remit such taxes to the appropriate taxing authorities on behalf of Defendant. Defendant agrees to reasonably cooperate with the Settlement Administrator to the extent necessary to determine the amount of the payroll tax payment required under this Paragraph.

10.4.    The Class Settlement Fund, calculated in accordance with the terms of this Agreement and paid in settlement of the Litigation, will include the following:

10.4.1. Court-approved Settlement Payments to Named Plaintiffs and Settlement Class Members;

10.4.2. the Attorneys' Fees and Actual Expenses of Class Counsel, as awarded by the Court;

10.4.3. the Service Awards, as awarded by the Court;

10.4.4. Settlement Administration Costs (capped at $15,000); and

10.4.5. those taxes that are withheld and tendered by the Settlement Administrator on behalf of the Settlement Class Members with respect to any Settlement Payments.

10.5.    No later than the date set forth in Paragraph 3.1(i), Defendant will send the Class Settlement Fund and the employer's share of payroll taxes to the Settlement Administrator for deposit in the QSF. As transferor of the funds to be deposited in the QSF, Defendant will prepare and file the information statements concerning its payments to the QSF as required to be provided to the IRS pursuant to the regulations under Section 468B of the Code.

10.6.    The Settlement Administrator shall have full responsibility for all distributions from the QSF. Defendant, Defendant's counsel, Named Plaintiffs, and Class Counsel shall not have any obligation or liability regarding distributions from the QSF to any Settlement Class

Member. Any person who does not receive a Settlement Payment will have no recourse against Defendant, Defendant's counsel, Named Plaintiffs, or Class Counsel for failure to receive any payment due under this Agreement.

10.7.   The Parties shall have the right to inspect the records of the QSF, including, but not limited to, imaged copies of the front and back of endorsed checks and any correspondence between the Settlement Administrator and Settlement Class Members relating to disputes over payments.

10.8.   The QSF will terminate twelve (12) months after the Settlement Administrator initially mails the Settlement Checks to Settlement Class Members.

## 11.    DISTRIBUTION OF CLASS SETTLEMENT FUND

11.1.   The Parties agree that the Class Settlement Fund will be distributed in accordance with this Section 11 and the Court's Final Approval Order.

11.2.   Class Counsel will be reimbursed for the Actual Expenses of Litigation in the amount approved by the Court, not to exceed $21,402.70.

11.3.   The Settlement Administrator will be paid Settlement Administration Costs in an amount not to exceed $15,000.00.

11.4.   Class Counsel will receive an award of Attorneys' Fees in the amount approved by the Court, not to exceed $666,666.67.

11.5.   Subject to Court approval, the parties agree that up to $22,500.00 of the Class Settlement Fund will be paid as "Service Awards" to Named Plaintiffs in recognition of their service to the Settlement Class Members, with each Named Plaintiff receiving $7,500.00.

11.6.   The Attorneys' Fees and Actual Expenses set forth in Paragraphs 11.2 and 11.4 shall be distributed by the Settlement Administrator to Class Counsel per instructions to be

provided to the Settlement Administrator within seven (7) calendar days after Defendant funds the QSF.

11.7.    After the amounts described in Paragraphs 11.2, 11.3, 11.4 and 11.5 are deducted, the remaining funds (the "Net Class Fund"), which shall equal not less than $1,274,430.63, will be allocated among the Settlement Class Members (including Named Plaintiffs) as set forth in this Agreement. Settlement Class Members shall not be required to submit a claim form to participate in this Settlement. Each Settlement Class Member's share of the Net Class Fund is referred to as his or her "Settlement Payment." The minimum Settlement Payment to any Settlement Class Member who does not opt out will be $100.00. Class Counsel will provide Defendant's counsel with a spreadsheet detailing Settlement Payment amounts and how they were calculated (the "Settlement Distribution Summary") no later than seven (7) calendar days after the Joint Motion for Preliminary Approval of Settlement is filed. The Parties agree that the Settlement Distribution Summary will be adjusted to account for the actual Court-approved amounts described in Paragraphs 11.2, 11.3, 11.4 and 11.5 and, following the Response Deadline, the pro rata reallocation of Settlement Payments for Settlement Class Members who submitted timely Opt Out Statements to Settlement Class Members who did not opt out.

11.8.    The Settlement Payment amounts to be paid from the Settlement Class Fund will be calculated by Class Counsel based on the Data, extrapolated if necessary, through the date the Joint Motion for Preliminary Approval of Settlement is filed.

11.8.1. Class Counsel will calculate each Settlement Class Member's proportionate share of the Net Class Fund based on a formula that takes into account each Settlement Class Member's number of weeks worked and recorded hours in excess of 40 per workweek during the class period, if any.

24

11.8.2. Fifty percent (50%) of each Settlement Payment computed in accordance with Paragraph 11.8.1 will be allocated to back wages, and fifty percent (50%) will be allocated to liquidated damages and interest.

11.8.3. The Settlement Payments to be paid from the Net Class Fund in accordance with this Section 11 equal 63.4% of the Class Settlement Fund if the Court approves the amounts described in Paragraphs 11.2, 11.3, 11.4 and 11.5. All Settlement Payments will be paid by check.

## 12.    DISTRIBUTION OF SETTLEMENT CHECKS

12.1.    Within seven (7) calendar days after Defendant funds the QSF, the Settlement Administrator will distribute Settlement Payments to the Settlement Class Members who did not timely opt out and any Service Awards owed. The Settlement Payments will be paid by checks ("Settlement Check") that state that they are valid for one hundred twenty (120) calendar days ("Cashing Period"). In addition, the Settlement Administrator will issue for each Settlement Class Member an IRS Form W-2 showing the amount allocated to back wages and an IRS Form 1099-MISC, checking box 3 other income, showing the amount allocated to liquidated damages and interest (and any Service Award if applicable).

12.2.    Other than the withholding and reporting requirements stated in this Section 12, Settlement Class Members shall be solely responsible for the reporting and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement.

12.3.    In the event that any Settlement Checks are not cashed within the Cashing Period, those amounts will be remitted to the Unclaimed Property Division, and the Settlement Administrator will notify such Settlement Class member by First Class United States Mail. The

Settlement Administrator shall provide Class Counsel and Defendant a list of all uncashed Settlement Checks thirty (30) calendar days before the end of the Cashing Period or at such other times as requested by Class Counsel or Defendant. The Settlement Administrator will be responsible for correcting or amending any payroll tax reporting associated with uncashed Settlement Checks that are remitted to the Unclaimed Property Division and completing any reports or forms required to facilitate the return or credit to Boeing of associated excess employer payroll tax contributions.

## 13. TAXES

13.1.   It is each Settlement Class Member's ultimate obligation to pay the employee's share of appropriate federal, state, and local income taxes on all payments that lawfully qualify as income. The Parties also agree that there must be proper withholding of federal, state, and local income taxes, and the employees' share of Federal Insurance Contribution Act ("FICA") and Medicare on all Settlement Payments representing back wages. The Settlement Administrator will be responsible for calculating, withholding, and depositing or remitting the required amounts for federal, state, and local income taxes on all payments representing back wages, and the employees' share of FICA and Medicare. The Settlement Administrator will be responsible for preparing and distributing all appropriate tax forms associated with payments made by the Settlement Administrator, including, as appropriate, IRS Form W-2 and IRS Form 1099-MISC.

13.2.   The Settlement Administrator will be responsible for calculating and paying applicable Federal Unemployment Tax Act ("FUTA"), State Unemployment Tax Act ("SUTA"), and the employer's share of FICA and Medicare on all Settlement Payments representing back wages and will remit those payments to the appropriate taxing authorities and will give

Defendant reasonable notice of such payments. Defendant will be responsible for funding the QSF to pay the employer's share of all payroll taxes in accordance with Paragraphs 10.3 and 10.5 above. Within seven (7) calendar days following the Final Approval Date, the Settlement Administrator will provide to the Parties the Settlement Administrator Report informing them of its calculations, the amount of withholding, and amounts to be deposited and paid, in advance of any submission to government authorities or distributions to Settlement Class Members. The Parties will have fourteen (14) calendar days following the issuance of the Settlement Administrator Report to provide written notice to the Settlement Administrator that they agree with the calculations or to provide corrected calculations. If no such notice or corrected calculations are provided by the Parties, the Settlement Administrator may proceed with such submission or distribution on the assumption that its underlying calculations are correct.

13.3.    The Settlement Administrator shall provide the Parties with a copy of any communications sent to Settlement Class Members and a list of all Settlement Payments sent to Settlement Class Members, identifying for each Settlement Check the amount and payee.

13.4.    To the extent permitted by law, in no event shall any Settlement Payment to a Settlement Class Member or any Service Award create any credit or otherwise affect the calculation of or eligibility for any compensation, bonus, deferred compensation or benefit under any compensation, deferred compensation, pension or other benefit plan, nor shall any such Settlement Payment or Service Award be considered as "compensation" under any pension, retirement, profit sharing, incentive or deferred compensation benefit or plan, nor shall any such payment or award require any contribution or award under any such plan, or otherwise modify any benefits, contributions or coverage under any other employment compensation or benefit plan or program.

## 14.   RELEASE BY SETTLEMENT CLASS MEMBERS

14.1.   All Settlement Class Members who do not timely opt out and who either cash their Settlement Check or ultimately obtain their Settlement Payment through the Unclaimed Property Division, on behalf of themselves and each of their heirs, representatives, successors, assigns and attorneys, shall be deemed to release and forever discharge all Released Claims against the Released Party (the "Release") for the time period they occupied a Covered Position up through the date that that the Joint Motion for Preliminary Approval of Settlement is filed. The Release shall become effective on the Effective Date.

14.2.   All Settlement Class Members who either cash their Settlement Check or ultimately obtain their Settlement Payment through the Unclaimed Property Division will be deemed to have opted in to the FLSA wage claims in this Litigation by negotiating their Settlement Checks or claiming the Settlement Payment. The Settlement Checks the Settlement Administrator issues to Settlement Class Members shall contain the following additional notice on the back of the check:

> I understand that I have up to 120 days from the date I was mailed this Settlement Check to sign and cash this Settlement Check. By cashing this check, I consent to join the Fair Labor Standards Act claims in the lawsuit *Johnson, et al. v. The Boeing Company*, No. 2:19-cv-00597-RSM, pending in the United States District Court for the Western District of Washington, I agree to be represented by Class Counsel, and I agree to be bound by the Settlement Agreement in that lawsuit. By cashing this check, I release the Released Claims against the Released Party in accordance with the Notice that I received in that lawsuit.  I also understand that claiming the Settlement Payment from the Unclaimed Property Division of the Washington State Department of Revenue shall have the same legal effect as cashing the Settlement Check.

Alteration, redaction, or deletion of this notice on the Settlement Check shall not affect the Release.

14.3.   Any Settlement Class Member who does not timely opt out and who neither cashes their Settlement Check nor ultimately obtains their Settlement Payment through the

28

Unclaimed Property Division will be deemed to have released all Released Claims with the sole exception of their FLSA claims (the "Limited Release").

14.4.    Named Plaintiffs remise, release and forever discharge all claims, demands, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Released Party, whether in tort, contract, or for violation of any state or federal statute, rule or regulation, arising out of, relating to, or in connection with any act or omission by or on the part of the Released Party committed or omitted prior to the execution of this Agreement, with the sole exception of any claims which cannot be released as a matter of law ("General Release"). This General Release includes any unknown claims Named Plaintiffs do not know or suspect to exist in their favor at the time of the General Release, which, if known by them, might have affected their settlement with, and release of, the Released Party or might have affected their decision not to object to this Agreement or the General Release. This General Release includes, without limitation, all Released Claims and all claims excluded from the definition of Released Claims.  In exchange for providing this General Release, Defendant shall pay Named Plaintiffs the Service Awards and their additional Settlement Payments as calculated in accordance with this Agreement. This Release shall become effective on the Effective Date.

## 15.  COMMUNICATIONS

15.1.    The Parties agree to maintain strict confidentiality pending the filing of the Joint Motion for Preliminary Approval of Settlement. In particular, prior to the filing of the motion, Plaintiffs shall not under any circumstances disclose the economic terms of this settlement without Defendant's prior consent.

92322804.15

## 16.  DISMISSAL OF ACTION

16.1.   Named Plaintiffs agree to dismissal of the Litigation with prejudice upon satisfaction of the conditions and timeline specified herein that result in the Court's entry of an Order Granting Joint Motion for Final Approval of Settlement.

## 17.  RESOLUTION OF FUTURE DISPUTES

17.1.   Named Plaintiffs confirm that, other than this Litigation, there is no other wage-and-hour action, cause of action, claim, or complaint currently pending against Defendant or other Released Party for compensation for the time periods covered by this Litigation.

17.2.   The United States District Court for the Western District of Washington will have continuing jurisdiction to interpret and enforce this Agreement and to hear and adjudicate any dispute or litigation arising from the Agreement except as otherwise provided herein.

## 18.  DOCUMENTS

18.1.   Class Counsel will, 365 days after the Settlement Administrator mails the Settlement Checks to the Settlement Class Members, destroy or return to counsel for Defendant all documents and information (including electronically stored information) produced by Defendant during the course of the Litigation. This obligation supersedes any obligation, right, or timing otherwise provided for by Local Rule. This Paragraph does not apply to publicly filed material or attorney work product.

## 19.  PARTIES' AUTHORITY

19.1.   The signatories hereby represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions, which the Parties agree are the result of lengthy, intensive arm's length negotiations.

92322804.15

19.2.    The Parties acknowledge that throughout the settlement negotiations that resulted in this Agreement they have been represented by counsel who are experienced in collective action litigation under the FLSA and class action litigation of the state law wage and hour claims at issue, and that this Agreement is made with the consent and advice of counsel who have prepared the Agreement.

19.3.    Upon approval by the Court, this Agreement shall bind all Named Plaintiffs and all Settlement Class Members who have not timely opted out of this Settlement pursuant to the opt out procedures described in Paragraph 7.1, subject only to the limitations of Paragraph 14.3.

19.4.    It is agreed that because the Settlement Class Members are so numerous, it is impossible or impracticable to have each Settlement Class Member execute the Agreement. The Notice will advise all Settlement Class Members of the binding nature of the Release or Limited Release (as applicable) of claims defined in Paragraph 1.8 and in Section 14 of this Agreement, and that the Release or Limited Release (as applicable) will have the same force and effect upon every Settlement Class Member as if the Agreement were executed by each Settlement Class Member.

## 20.  MUTUAL FULL COOPERATION

20.1.    The Parties agree to cooperate fully to implement this Agreement, including but not limited to, executing such documents and taking such other action as is reasonably necessary to implement and effectuate the terms of this Agreement.

## 21.  ENFORCEMENT ACTIONS

21.1.    If any Party institutes any legal action, arbitration, or other proceeding against any other Party to enforce the provisions of this Agreement, the successful Party will be entitled to recover from the unsuccessful Party reasonable attorneys' fees and costs.

92322804.15

## 22.   MODIFICATION

22.1.   This Agreement and its Exhibits A and B may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

## 23.   ENTIRE AGREEMENT

23.1.   This Agreement and its Exhibits A and B constitute the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representation or terms will modify, vary, or contradict the terms of this Agreement.

## 24.   CHOICE OF LAW/JURISDICTION

24.1.   This Agreement will be subject to, governed by, construed, enforced, and administered in accordance with the laws of the State of Washington, both in its procedural and substantive aspects, and the continuing jurisdiction of the United States District Court for the Western District of Washington. This Agreement will be construed as a whole according to its fair meaning and intent and not in favor of any Party, regardless of who drafted or was principally responsible for drafting the Agreement or any specific term or condition thereof.

## 25.   COUNTERPARTS

25.1.   This Agreement may be executed in counterparts, and when Defendant and each Named Plaintiff have executed at least one counterpart, each counterpart will be deemed an original, and when taken together, will constitute one Agreement, which will be binding upon and effective as to all Parties.

## 26.   NO PRIOR ASSIGNMENTS; BINDING ON ASSIGNS

26.1.   The Parties represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer or encumber to any

person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged in this Agreement.

26.2.   This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, assigns, guardians, conservators, and court-appointed representatives.

## 27.  VOIDING THE AGREEMENT

27.1.   In the event this Agreement, or any amended version agreed upon by the Parties, is not approved by the Court, or as otherwise provided in Paragraphs 5.1, 5.5 or 7.8 above, the Agreement will be null and void in its entirety and the Parties will resume the Litigation and revert to their respective positions prior to the Agreement, unless expressly agreed in writing by the Parties to: (1) seek reconsideration or appellate review of the decision denying final approval; or (2) renegotiate in good faith appropriate revisions to such provisions rejected by the Court for a period not less than forty-five (45) calendar days following the date approval is denied and, if a revised agreement is reached, re-submit the revised agreement for the Court's approval. The Parties will file a joint motion for a stay of the action during the period referred to in this Paragraph.

92322804.15

DATED:  January 15, 2021

By:  *s/ Chelsea D. Petersen*
Chelsea Dwyer Petersen #33787
William B. Stafford #39849
Charles N. Eberhardt #18019
Stephanie R. Holstein #50802
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:   CDPetersen@perkinscoie.com
             WStafford@perkinscoie.com
             CEberhardt@perkinscoie.com
             SHolstein@perkinscoie.com
*Attorneys for Defendant*


By:  *s/ Molly A. Elkin*_____
Molly A. Elkin, *pro hac vice*
Sarah M. Block, *pro hac vice*
McGillivary Steele Elkin LLP
1101 Vermont Ave. NW, Ste. 1000
Washington, DC 20005
Telephone: 202.833.8855
Email: mae@mselaborlaw.com
Email: smb@mselaborlaw.com

Alex Skalbania (WA Bar No. 15412)
Skalbania & Vinnedge
3600 15th Avenue W Suite 201
Seattle, WA 98119
Telephone: (206) 799-6937
Email: askalbania@aol.com

Patricia L. Vannoy, *pro hac vice*
Mattson Ricketts Law Firm
134 S 13th Street, Ste. 1200
Lincoln, NE 68508
Telephone: 402.475.8433
Email: bao@mattsonricketts.com

*Attorneys for Plaintiffs*

92322804.15

_____     Date:____1/15/2021_____
Jaine Bialk


_____     Date:_____
Brenda Bezeredi


_____     Date:_____
David Johnson
as Approved Substitute for Cynthia Johnson


NAMED PLAINTIFFS


_____     Date:_____
The Boeing Company

DEFENDANT

92322804.15

_____     Date:_____
Jaine Bialk

_____     Date:_____
Brenda Bezeredi                                  1/15/2021


_____     Date:_____
David Johnson
as Approved Substitute for Cynthia Johnson


NAMED PLAINTIFFS



_____     Date:_____
The Boeing Company

DEFENDANT

35

_____     Date:_____
Jaine Bialk


_____     Date:_____
Brenda Bezeredi

_____     Date:\_1/15/2021_____
David Johnson
as Approved Substitute for Cynthia Johnson


NAMED PLAINTIFFS


_____     Date:_____
The Boeing Company

DEFENDANT

35

_____        Date:_____
Jaine Bialk


_____        Date:_____
Brenda Bezeredi


_____        Date:_____
David Johnson
as Approved Substitute for Cynthia Johnson

NAMED PLAINTIFFS


DocuSigned by:

*Renee Grant Bluechel*
9560DABCEF31466...                                                   January 15, 2021
_____        Date:_____
The Boeing Company

DEFENDANT

35

[NAME]
[ADDRESS]
[CITY, STATE ZIP]
[Ref. No. ]
[SSN]

# NOTICE OF WAGE AND HOUR CLASS AND COLLECTIVE ACTION SETTLEMENT

### UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

## You are entitled to a payment from a class and collective action lawsuit.
*A federal court has authorized this notice.  This is not a solicitation from a lawyer.*

The Parties have reached a settlement in an overtime pay lawsuit, *Johnson, et al. v. The Boeing Company*, Case No. 2:19-cv-00597-RSM, filed by Plaintiffs in the United States District Court for the Western District of Washington (the "Lawsuit"). You are a Settlement Class Member. You are entitled to payment under the settlement reached in the Lawsuit. **To obtain your share of the settlement monies, you need not do anything.** The Court in charge of this case must decide whether to approve the settlement. Payments will be made if the Court approves the settlement. Please be patient.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do nothing, you will receive a Settlement Check. Upon receipt of the Settlement Check, you will be deemed a part of the Washington state class and will have **released** any and all Washington state wage and hour claims you may have against Boeing up through [INSERT the date that the Motion for Preliminary Approval is filed], as described in Section 7 below. **Upon cashing your Settlement Check, you will also be deemed to have opted in to the federal Fair Labor Standards Act ("FLSA") collective and have released any and all FLSA wage and hour claims you may have against Boeing up through [INSERT the date the Motion for Preliminary Approval is filed]**, as described in Section 7 below. The estimated amount of your Settlement Check **is $X.** |
| **OPT OUT** | If you opt out by submitting an Opt Out Statement, you will not be part of the settlement and you will not receive any settlement monies.  If you opt out, you will not be subject to the Release described in Section 7 below and your settlement monies will be redistributed on a pro rata basis to those Settlement Class Members who do not opt out. |

EXHIBIT A - NOTICE

| **OBJECT** | You can object to the settlement by following the procedures set forth in Section 9 below. If you object, you may appear at the Final Approval Hearing to speak to the Court about the fairness of the settlement. If the Court rejects your objection, you will still be bound by the terms of the settlement as if you did nothing. |
|---|---|

## BASIC INFORMATION

### 1.   Why did I get this Notice?

You have been identified by Boeing as a Settlement Class Member because you are or were employed by Boeing in Washington between April 22, 2016 and [INSERT the date Motion for Preliminary Approval is filed] in one or more of the following positions: Staff Analyst (Level 3), Facilities Planner (Levels 2 or 3), and/or Facilities Project Administrator (Levels 2 or 3) (collectively, the "Covered Positions") and were classified as "exempt" from the FLSA and the Washington Minimum Wage Act ("WMWA"). The Lawsuit concerns federal claims under the FLSA, and state law claims under the WMWA and the Washington Wage Rebate Act.  The Court ordered that you be sent this Notice because you have a right to know about the proposed settlement of the Lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, payments will be mailed to all Settlement Class Members who do not timely opt out of the Lawsuit. The Lawsuit is known as *Johnson, et al. v. The Boeing Company*, Case No. 2:19-cv-00597-RSM. The people who filed the Lawsuit are called the Plaintiffs. Boeing is the Defendant.

### 2.   What is the Lawsuit about?

The Lawsuit is about whether Defendant was required to pay Plaintiffs and Settlement Class Members overtime pay but failed to do so.  Specifically, Plaintiffs allege that Defendant improperly classified them as "exempt" from the FLSA and the WMWA and failed to pay them one-and-one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek. Defendant denies all claims and maintains that all Covered Positions, including yours, were properly classified as exempt from the FLSA and the WMWA.

### 3.   Why is this a class and collective action?

In a class or collective action, one or more people called "Class Representatives" sue on behalf of people they believe have similar claims. The people together are a "class" or "collective" or "class members."

### 4.   Why is there a settlement?

The Court has not ruled whether class or collective action treatment is appropriate in this case and has not issued a final judgment in favor of Plaintiffs or Defendant. Rather, to avoid the burden, expense, inconvenience, and uncertainty of continued litigation, the Parties have concluded that it is in their best interests to resolve and settle the Lawsuit by entering into a settlement agreement. Plaintiffs and Defendant have reached a Settlement Agreement subject to final approval by the

EXHIBIT A - NOTICE

Court. Both sides believe they would have prevailed in the case, but there was no final decision ruling in favor of either side. Instead, both sides agreed to settle the Lawsuit.

| 5. How do I know if I am part of the settlement? |
| --- |

Unless you affirmatively opt out, you are covered by the settlement.

# THE SETTLEMENT BENEFITS (WHAT YOU GET) AND RELEASE

| 6. What does the settlement provide? |
| --- |

Defendant has agreed to pay $2,000,000.00 (the "Class Settlement Fund") to resolve the entire Lawsuit. Subject to the Court's final approval at the Final Approval Hearing described in Section 11 below, this amount will be allocated as follows: $1,274.430.63 will be allocated to the Settlement Class Members who do not opt; $22,500.00 will be allocated to Service Awards for the three Named Plaintiffs who filed this Lawsuit and who served as Class Representatives ($7,500 per Named Plaintiff); $666,666.67 will be paid as attorneys' fees to Class Counsel; up to $21,402.70 will be paid as litigation expenses to Class Counsel; and up to $15,000.00 will be paid to the third-party Settlement Administrator for expenses associated with administering the settlement. After payment of the attorneys' fees and expenses, Service Awards, and Settlement Administrator expenses, 63.4% of the Class Settlement Fund will be distributed to the Settlement Class Members.

There are approximately 770 Settlement Class Members. Each of the Settlement Class Members will receive a share of the Class Settlement Fund (their "Settlement Payment") calculated based on their number of weeks worked and recorded hours in excess of 40 per workweek in Covered Positions during the class period (April 22, 2016 through [INSERT date Motion for Preliminary Approval is filed]).  The minimum payment to any Settlement Class Member who does not opt out is $100.

You will receive an estimated gross Settlement Payment of $-----------------. Half (50%) of this Settlement Payment will be allocated to back wages (from which payroll taxes will be withheld) and half (50%) will be allocated to liquidated damages and interest. The settlement monies allocated as back wages will be reported to the IRS for tax purposes on a Form W-2, while the remaining monies will be reported to the IRS for tax purposes on a Form 1099-MISC. Neither Class Counsel nor Defendant make any representations concerning tax consequences of this settlement, and you are advised to seek your own personal tax advice prior to acting in response to this Notice.

The Class Representatives and Class Counsel determined that the settlement allocations were fair after considering a number of factors, including the risk of not obtaining class or collective action certification, litigation risk with respect to Defendant's exemption defenses, litigation risks at trial and on appeal, the uncertainty regarding proving the number of overtime hours worked, and risks related to proving that Plaintiffs were suffered or permitted to work unrecorded overtime given Defendant's policies regarding recording overtime work.

| 7. What am I giving up? |
| --- |

EXHIBIT A - NOTICE

92322845.13

If you do not affirmatively opt out of the settlement, you will be deemed a part of the Washington state class, your state law claims will be dismissed with prejudice, and you will fully release and discharge Defendant through [INSERT: date Motion for Preliminary Approval is filed] from all state law wage and hour claims asserted, or which could have been asserted, in the Lawsuit. This means that you cannot sue, continue to sue, or be party to any other lawsuit against Defendant regarding state wage and hour claims that were or could have been brought in the Lawsuit. *This is true whether or not you cash your Settlement Check.*

> *Key Point: Even if you don't cash your Settlement Check, unless you affirmatively opt out of the Settlement Class, you are releasing certain Washington state law claims against Defendant.*

If you cash your Settlement Check, in addition to being a part of the Washington state class, you also will be deemed a part of the FLSA collective, your FLSA claims also will be dismissed with prejudice, and you also will fully release and discharge Defendant through [INSERT: date Motion for Preliminary Approval is filed] from all federal law wage and hour claims asserted, or which could have been asserted, in the Lawsuit for the time period you occupied a Covered Position. The same is true if you do not cash your Settlement Check but instead recover your Settlement Payment from the Unclaimed Property Division of the Washington State Department of Revenue (the "Unclaimed Property Division").  In either case, you cannot sue, continue to sue, or be party to any other lawsuit against Defendant regarding federal wage and hour claims that were or could have been brought in the Lawsuit.

> *Key Point: Cashing your Settlement Check means that, in addition to releasing the Washington state law claims, you are <u>voluntarily opting in to</u> the FLSA collective action and thus are releasing any potential FLSA claims against Defendant. (The same is true if you recover your Settlement Payment from the Unclaimed Property Division.)*

The Settlement Agreement Release provides that Settlement Class Members, including you, will release the Released Claims against the Released Party, which are defined as follows:

> "Released Claims" means any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, whether at common law, pursuant to statute, ordinance or regulation, in equity or otherwise, and whether arising under federal, state, or other applicable law, which any Settlement Class Member might have, known or unknown, asserted or unasserted, of any kind whatsoever, that relate to payment of wages due or paid and hours worked (including but not limited to overtime, minimum wage, and rest/meal period claims), wage/hour recording, and related relief through [INSERT the date that the Motion for Preliminary Approval is filed] for the time period a Settlement Class Member occupied a Covered Position, except to the extent that any such claim may not be waived as a matter of law. The Released Claims specifically include without limitation: exemplary damages, liquidated damages, attorneys' fees, and penalties arising under federal, state, or local wage/hour laws, including but not limited to the Fair Labor Standards Act, the Washington Minimum Wage Act, the Washington Wage Rebate Act, the Washington Wage Payment Act, and the Washington Industrial Welfare Act, and their respective implementing regulations. The settlements, compromises, releases, and discharges described in the foregoing shall extend to any such claims that arose at any

time up to and including the date the Motion for Preliminary Approval is filed. The Released Claims do not include claims of employment discrimination or civil rights violations (including without limitation claims arising under Title VII, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family Medical Leave Act) or other claims related to employment but not related to hours worked or the payment of wages.

"Released Party" means Defendant, Defendant's predecessors, successors, parents, subsidiaries, and affiliated entities including their former and present officers, directors, agents, employees, attorneys, insurers, representatives, and benefit plans.

Under the FLSA, an employee must "opt in" to a lawsuit to participate, while under Washington state law, an employee is automatically included unless the employee affirmatively "opts out." If you opt out, you will not receive a Settlement Check and will not be part of the settlement in any way. If you do not opt out *and* you either cash your Settlement Check or ultimately obtain your Settlement Payment from the Unclaimed Property Division, you will be part of both the state law class and the FLSA collective and will be fully subject to the above Release.

If you do not opt out and you neither cash your Settlement Check nor obtain your Settlement Payment from the Unclaimed Property Division, you will still be part of the state law class and will release Defendant from all Released Claims with the sole exception of your FLSA claims (the "Limited Release" as defined in the Settlement Agreement).

## 8.  Do I have a lawyer in this case?

The Court has decided that the Plaintiffs' lawyers (Molly Elkin of McGillivary Steele Elkin LLP, Patricia Vannoy of Mattson Ricketts, and Alex Skalbania of Skalbania & Vinnedge) are qualified to represent you and the other Settlement Class Members. These lawyers are called "Class Counsel." You do not need to pay these lawyers, as they will be paid from the Class Settlement Fund. You do not need to hire your own lawyer to be a part of the Lawsuit and receive settlement monies.

# OBJECTING TO THE SETTLEMENT

## 9.  How do I tell the Court if I don't like the settlement?

You may present objections to the proposed settlement at the Final Approval Hearing described in Section 11 below and/or you may make your objection in a written statement. To be considered, the statement must be mailed to the Settlement Administrator via First Class United States Mail at the address listed below, postage prepaid and postmarked by [DATE] (60 days after Notice Distribution Date).

ADDRESS OF SETTLEMENT ADMINISTRATOR

The statement must include all reasons for the objection. Any reason not included in the statement will not be considered by the Court. The statement must also include your name, address, email address, and telephone number(s). If you intend to appear at the Final Approval Hearing, you must state your intention to do so in writing in your statement. Anyone who objects may withdraw his or

EXHIBIT A - NOTICE

her objections at any time. Objections not stated in a timely submitted written statement will not be heard at the Final Approval Hearing.

## OPTING OUT OF THE SETTLEMENT

| 10.   How do I opt out of the settlement? |
| --- |

You may opt out of the settlement by mailing a written, personally signed "Opt Out Statement" to the Settlement Administrator requesting that you be excluded from the settlement. To be effective, you must include your name, address, email address, and telephone number(s) in your Opt Out Statement, and you must state "I request to be excluded from the settlement in *Johnson, et al. v. The Boeing Company*, Case No. 2:19-cv-00597-RSM (United States District Court for the Western District of Washington, Seattle).  I affirm that I was employed by Defendant as an exempt employee in one of the positions identified in the Notice at some point in time from April 22, 2016 through [INSERT the date the Motion for Preliminary Approval is filed]." To be effective, the Opt Out Statement must be mailed to the Settlement Administrator via First Class United States Mail at the address listed in Section 9 above, postage prepaid and postmarked by [INSERT 60 Days after Notice Distribution Date].

## THE COURT'S FINAL APPROVAL AND FAIRNESS HEARING

| 11.   When and where will the Court decide whether to approve the settlement? |
| --- |

The Court will hold a Final Approval Hearing on [INSERT DATE] before the Honorable Chief Judge Ricardo S. Martinez at the United States District Court for the Western District of Washington, 700 Stewart Street, Seattle, Washington. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay Class Counsel. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

| 12.   Do I have to come to the Final Approval Hearing? |
| --- |

No. Class Counsel will answer questions the Court may have. But you are welcome to attend the hearing at your own expense. If you send an objection, you do not have to attend the hearing to talk about it. As long as you mailed your written statement containing your objection on time, as provided in Section 9 above, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

| 13.   May I speak at the Final Approval Hearing? |
| --- |

If you file a timely objection to the settlement, as provided in Section 9 above, you may ask the Court for permission to speak at the Final Approval Hearing. You must include the words "I intend to appear at the Final Approval Hearing" in your written statement containing your objection. Your testimony at the hearing will be limited to those reasons that are included in your written statement. You cannot speak at the hearing if you exclude yourself from the settlement by opting out.

EXHIBIT A - NOTICE

## GETTING MORE INFORMATION

| |
|---|
| **14.   Are there more details about the settlement?** |

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to the Settlement Administrator at the address listed in Section 9 above. If you have other questions about the settlement, you can contact the Settlement Administrator at the address above or at the telephone number below.

DATED:        [Insert Date of Mailing], 2021

[Add Settlement Administrator telephone number per Section 14]

EXHIBIT A - NOTICE

92322845.13

DocuSign Envelope ID: B537A83F-7CD7-446D-89A3-P786A65D7E1E

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CYNTHIA JOHNSON, BRENDA BEZEREDI, JAINE BIALK, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE BOEING COMPANY,

Defendant.

Case No. 2:19-cv-00597-RSM

**EXHIBIT B TO SETTLEMENT AGREEMENT:
D. JOHNSON APPROVED SUBSTITUTE AGREEMENT**

I, David Johnson, represent and agree that:

1. I am the son, next-of-kin, and surviving heir of Cynthia Johnson. On December 29, 2020, the Court ordered that I be substituted for plaintiff Cynthia Johnson in the above-captioned action pursuant to Fed. R. Civ. P. 25 as successor to Ms. Johnson's estate for the sole purpose of administering the distribution of Ms. Johnson's incentive payment and her share of the settlement fund if the settlement is approved by the Court (the "Approved Substitute"). (Dkt. 40)

2. As the Approved Substitute, if the Settlement Agreement is approved by the Court, and in exchange for the consideration provided in paragraph 11.5 of the Settlement Agreement, I release Boeing from all claims set forth in the General Release in paragraph 14.4 of the Settlement

EX. B - D. JOHNSON AGREEMENT

Case No. 2:19-cv-00597-RSM
92328285.3

McGillivary Steele Elkin LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855

Agreement on behalf of Cynthia Johnson. Should any other beneficiary of Cynthia Johnson's estate assert a claim covered by the General Release in the Settlement Agreement as that Release pertains to Cynthia Johnson, I will defend and hold harmless Boeing from such claim(s) and shall indemnify Boeing from such claim(s) up to the amount that I recover under the Settlement Agreement as the Approved Substitute.

3.      This agreement is a material term of the Settlement Agreement and becomes effective upon the Final Approval Date as defined in paragraph 3.1(f) of the Settlement Agreement.

DATE: ____1/9/2021____

DocuSigned by:

David Johnson

2

EX. B - D. JOHNSON AGREEMENT

Case No. 2:19-cv-00597-RSM

92328285.3

McGillivary Steele Elkin LLP
1101 Vermont Ave. NW, Suite 1000
Washington, DC 20005
(202) 833-8855